UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, <br><br> *Plaintiff*, <br><br> -against- <br><br> FLUENT, INC, and REWARD ZONE USA, LLC, <br><br> *Defendants*. | **COMPLAINT** <br><br> 1:19-cv-6543 |

## INTRODUCTION

1. This action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA").

2. Plaintiff brings this action individually and as a putative class action on behalf of all persons to whose cellular telephone number, during the period beginning four years prior to the commencement of this action until the date of such commencement: one or more text messages, described below, were placed (the " Class").

3. Plaintiff seeks, individually, and intends to seek on behalf of the putative class members, statutory damages, injunctive relief, and costs.

4. The term "person," as used in this Complaint, incorporates the definition of "person" provided in 1 U.S.C. Section 1.

## PARTIES

5. Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

6. Defendant, Fluent, Inc. ("Fluent"), is a corporation organized and existing under the laws of Delaware, and has a principal place of business at 300 Vesey Street, 9th Floor, New York, New York  10282.

1

7. Defendant, Reward Zone USA, LLC ("Reward Zone USA"), is a limited-liability company organized and existing under the laws of Delaware, and has a principal place of business at 128 Court Street, 3rd Floor, White Plains, New York 10601.

## APPLICABLE LAW

8. The TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9. A text message is a "call" within the meaning of the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952-954 (9th Cir. 2009).

10. Persons to whose telephone line a call is made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to enjoin such violations and to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b)(1), the court may increase the award by up to $1,000 per violation. *See id.*

## JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. Section 1331.

12. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## FACTS

13. On October 30, 2019, Bank received, on a cellular telephone line to which he is the named subscriber (the "Telephone Line"), a text message (the "Text Message").

14. The Text Message stated: "Online Shopping Rewards: on October 30th you have (1) unclaimed Gift! Accept it at v2zuu.us/kuy0s Reply Stop to Stop."

15. Upon tapping the hyperlink (*i.e.*, asapbts.us/09-0328) in the Text Message, a webpage

2

with the Uniform Resource Locator ("URL") of americarewardcenter.com appeared on Bank's screen.

16. Upon tapping the hyperlink action button on the americarewardcenter.com webpage, the URL of surveyandpromotionusa.com appeared on Bank's screen.

17. At all relevant times, the URL of surveyandpromotionusa.com has been owned by Fluent.

18. The Text Message was sponsored by RewardZone USA.

19. The Text Message was not personalized for Bank.

20. Bank had had no reason to expect to receive the Text Message.

21. The equipment that was used to send the Text Message had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

22. The Text Message was made without the prior express written consent of any person who had the legal right to provide such consent.

23. The Text Message included and introduced an "advertisement" as defined in 47 C.F.R. § 64.1200(f)(1).

24. The Text Message constituted "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(12).

25. Defendants placed, or authorized to be placed, the Text Message.

26. Defendants placed, or authorized to be placed, to recipients other than Bank, thousands of text messages that were materially similar to the Text Message and that were placed without the prior express written consent of any person who had the legal right to provide such consent.

27. The Text Message and the text messages to recipients as described in the preceding

3

paragraph (collectively, the "Class Text Messages") disturbed the peace, solitude, and tranquility of Bank and the other recipients.

28. The Class Text Messages annoyed and frustrated Bank and the other recipients.

29. The Class Text Messages to Bank and the other recipients were a nuisance.

## FIRST CAUSE OF ACTION

30. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "29" inclusive of this Complaint as if fully set forth herein.

31. The placement of the Class Text Messages violated 47 U.S.C. Section 227(b)(1)(a)(iii).

32. Bank and the putative members are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. Section 227(b)(1)(a)(iii).

33. Bank and the putative members are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(1)(a)(iii).

34. In the event that Defendants willfully or knowingly violated 47 U.S.C. Section 227(b)(1)(a)(iii)), Bank and the putative members are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

## CLASS ALLEGATIONS

35. Bank brings this action individually, and as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the putative class members.

36. Bank believes, with respect to each of the three Classes that are identified in the preceding paragraph, that there are thousands of persons whose claims are similar to Bank's individual claims, and, furthermore, that Bank's individual claims are typical of the claims of the putative class members. The putative members have sustained damages arising out of Defendants' wrongful conduct in the same manner in which Bank has sustained damages arising therefrom.

4

37. Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the putative class members. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the putative class members.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all of the putative class members is impracticable, and because the damages suffered by most of the individual putative class members are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for putative class members to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

39. Common questions of law and fact predominate over questions that affect only individual putative class members. Among those questions are:

(i) whether text messages were placed to cellular telephone numbers by Defendants;

(ii) whether Defendants violated Section 227(b)(1)(a)(iii) of the TCPA;

(iii) whether Defendants willfully or knowingly violated Section 227(b)(1)(a)(iii) of the TCPA;

(iv) whether the putative class members are entitled to injunctive relief as a result of Defendants' violations of Section 227(b)(1)(a)(iii) of the TCPA; and

(v) whether the putative class members are entitled to damages as a result of Defendants' violations of Section 227(b)(1)(a)(iii) of the TCPA, and, if so, how much.

**[continued on next page]**

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a)  Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendants from violating 47 U.S.C. Section 227(b)(1)(a)(iii);

(b)  Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1)(a)(iii) for Plaintiff and the putative class members;

(c)  Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the putative class members, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendants knowingly or willfully violated 47 U.S.C. Section 227(b)(1)(a)(iii); and

(d)  An award, to Plaintiff and the putative class members, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: November 19, 2019

                Respectfully submitted,

                  *s/ Todd C. Bank*
                TODD C. BANK,
                 ATTORNEY AT LAW, P.C.
                119-40 Union Turnpike
                Fourth Floor
                Kew Gardens, New York 11415
                (718) 520-7125
                By Todd C. Bank

                *Counsel to Plaintiff*