UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK,<br><br>          *Plaintiff*,<br><br>  -against-<br><br>FLUENT, INC, and REWARD ZONE USA, LLC,<br><br>          *Defendants*. | 1:19-cv-6543-RRM-RLM |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION, PURSUANT TO RULE 12(f)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE, TO STRIKE PORTIONS OF DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

TODD C. BANK
 ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

RULES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      PORTIONS OF DEFENDANTS' ANSWER SHOULD BE STRICKEN . . . . . . . . . . . . 2

        A.     Governing Rules and Principles . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

               (i)     Negative Defenses and Affirmative Defenses . . . . . . . . . . . . . . . . . . . 2

                      (a)     Right to Assert . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

                      (b)     Nature of the Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

               (ii)    Burden of Proof on Affirmative Defenses . . . . . . . . . . . . . . . . . . . . . . 4

               (iii)   The Striking of "Defenses" that
                      are not Defenses of Any Type . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.     Defendants' Answer Does not Comply with
            Rule 8(b)(5) of the Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . 5

        C.     Defendants' "Second Affirmative Defense"
            is not an Affirmative Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        D.     Defendants' "Fourth Defense" is not a Defense . . . . . . . . . . . . . . . . . . . . . . . . 6

        E.     Defendants' Prayer for Attorneys' Fees has no Basis . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **TABLE OF AUTHORITIES**

**Page**

**RULES**

Fed. R. Civ. P. 8(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 8(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 8(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Fed. R. Civ. P. 8(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Fed. R. Civ. P. 8(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 8(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 8(d)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 12(f)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**CASES**

*CIT Bank, N.A. v. Metcalfe*,
   No. 15-cv-1829, 2017 WL 3841843
   (E.D.N.Y. Aug. 17, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Elliot v. Mission Trust Servs., LLC*,
   104 F. Supp. 3d 931 (N.D. Ill. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Emmons v. Southern Pacific Transportation Co.*,
   701 F.2d 1112 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*FTC v. Liberty Supply Co.*,
   No. 15-cv-829, 2016 WL 4063797
   (E.D. Tex. July 29, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Fort Howard Paper Co. v. Standard Havens, Inc.*,
   901 F.2d 1373 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Frame v. City of Arlington*,
   657 F.3d 215 (5th Cir. 2011) (*en banc*) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Page

**Table of Authorities; Cases (*Cont'd*)**

*Garanti Finansal Kiralama A.S. v.*
 *Aqua Marine & Trading Inc.*,
  697 F.3d 59 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gibson Brands Inc. v. Viacom Int'l Inc.*,
  No. 12-cv-10870, 2016 WL 8931305
  (S.D. Calif. Sept. 29, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gray v. Ivey*,
  No. 17-cv-118, 2017 WL 9398650
  (M.D. Fla. Apr. 3, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Greenwich Fin. Servs. Distressed Mortg. v.*
 *Countrywide Fin. Corp.*,
  654 F. Supp. 2d 192 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Griffin v. Don E. Bower, Inc.*,
  No. 16-cv-2412, 2017 WL 4310091
  (M.D. Pa. Sept. 28, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Rawson Food Service, Inc.*,
  846 F.2d 1343 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kanne v. Connecticut General Life Ins. Co.*,
  867 F.2d 489 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

*Lee v. Sixth Mount Zion Baptist Church of Pittsburg*,
  No. 15-cv-1599, 2017 WL 3608140
  (W.D. Pa. Aug. 22, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*McKinney-Dropnis v. Massage Envy Franchising, LLC*,
  No. 16-cv-06450, 2017 WL 1246933
  (N.D. Cal. Apr. 5, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Meggitt (San Juan Capistrano), Inc. v. Nie*,
  No. 13-cv-0239, 2014 WL 12589109
  (C.D. Calif. Jan. 28, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Riemer v. Chase Bank USA, N.A.*,
  274 F.R.D. 637 (N.D.Ill. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*Saks v. Franklin Covey Co.*,
  316 F.3d 337 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Page**

**Table of Authorities; Cases (*Cont'd*)**

*Sauceda v. Univ. of Texas at Brownsville*,
   958 F. Supp. 2d 761 (S.D. Tex. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Scenic Holding, LLC v. New Bd. of Trs. of the*
 *Tabernacle Missionary Baptist Church, Inc.*,
   506 F.3d 656 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*World Kitchen, LLC v. American Ceramic Society*,
   No. 12-cv-8626, 2015 WL 3429380
   (N.D. Ill. May 27, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Zivkovic v. Southern Calif. Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK,<br><br>                                        *Plaintiff*,<br><br>-against-<br><br>FLUENT, INC, and REWARD ZONE USA, LLC,<br><br>                                      *Defendants*. | 1:19-cv-6543-RRM-RLM |

**INTRODUCTION**

    Plaintiff, Todd C. Bank ("Bank"), submits this memorandum of law in support of his motion for an Order: (i) striking, pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure (which requires a motion to be filed within 21 days of the service of the pleading to which it is directed), portions of Defendants' Answer (Dkt. No. 8) to the Amended Complaint (Dkt. No. 7); and (ii) granting, to Plaintiff, any other lawful and proper relief.

    Counsel for Defendants, Neil E. Asnen, has refused to agree to a briefing schedule, based on his position that the instant motion is dispositive and thus requires a pre-motion conference. However, unlike in the case of a dispositive motion, the instant motion, if granted, would not preclude Defendants from exercising any rights; thus, the motion is non-dispositive. Thus, Bank will assume that Local Rule 6.1(b) will govern the briefing schedule unless the Court orders otherwise.

1

## ARGUMENT

## POINT I

## PORTIONS OF DEFENDANTS' ANSWER SHOULD BE STRICKEN

**A.      Governing Rules and Principles**

**(i)      Negative Defenses and Affirmative Defenses**

**(a)      Right to Assert**

Rule 8(b)(1)(A) of the Federal Rules states that, "[i]n responding to a pleading, a party must . . . state[,] in short and plain terms[,] its *defenses* to each claim asserted against it" (emphasis added), whereas Rule 8(c) states that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or *affirmative* defense" (emphasis added). The former concerns *negative* defenses; the latter, *affirmative* defenses. Under these provisions, "[a] defendant may plead *as many* defenses as necessary, negative **or** affirmative," *Griffin v. Don E. Bower, Inc.*, No. 16-cv-2412, 2017 WL 4310091, *2 (M.D. Pa. Sept. 28, 2017) (emphases added), "and they need not be consistent," *id.*, citing Fed. R. Civ. P. 8(d), which states: "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

**(b)      Nature of the Defenses**

With respect to the two types of defenses that are addressed by Rules 8(b) and 8(c), *i.e.*, negative and affirmative, one court noted:

> As explained by one treatise:
>
> > Federal Rule 8*(c)* requires that a responsive pleading must set forth certain enumerated ***substantive defenses*** as well as "any other matter constituting an avoidance or *affirmative* defense." *This subdivision* of the basic pleading rule deals with ***affirmative*** defenses and should be read in *conjunction with*, and *distinguished from*, Rule 8*(b)*, which deals with ***denials or negative defenses*** that ***directly contradict*** elements of the plaintiff's claim for relief.

2

> Rule 8*(c)* is a lineal descendent of the common[-]law plea by way of "confession and avoidance," which permitted a defendant who was willing to *admit* that the plaintiff's declaration demonstrated a *prima facie case* to then go on and allege *additional* ***new material*** that would defeat the plaintiff's ***otherwise valid*** cause of action.
>
> Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1270 (Affirmative Defenses—In General) (3d ed.).

*Lee v. Sixth Mount Zion Baptist Church of Pittsburg*, No. 15-cv-1599, 2017 WL 3608140, *26 (W.D. Pa. Aug. 22, 2017) (emphasis added). *See also Saks v. Franklin Covey Co.*, 316 F.3d 337 (2d Cir. 2003) ("[a]n *affirmative defense* is defined as '[a] defendant's assertion raising ***new facts and arguments*** that, *if true*, will defeat the plaintiff's or prosecution's claim, *even if* all allegations in the complaint *are **true***,'" *id.* at 350, quoting *Black's Law Dictionary* at 430 (7th ed. 1999) (emphases added); *McKinney-Dropnis v. Massage Envy Franchising, LLC*, No. 16-cv-06450, 2017 WL 1246933 (N.D. Cal. Apr. 5, 2017) ("'[a] defense which *demonstrates that [the] plaintiff has not met its burden of proof* is *not* an *affirmative defense*.' *Rather*, such a defense is *merely rebuttal* against the evidence [to be] presented by the plaintiff," *id.* at *7, quoting *Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (additional citation and quotation marks omitted)); *FTC v. Liberty Supply Co.*, No. 15-cv-829, 2016 WL 4063797, *3 (E.D. Tex. July 29, 2016) ("[a] *negative* defense is 'one which tends to *disprove* one or all of the *elements* of a *complaint*.' In other words, a negative defense is the *equivalent* of a defendant saying, '*I did not do it*,'" quoting *Emmons v. Southern Pacific Transportation Co.*, 701 F.2d 1112, 1118 (5th Cir. 1983) (emphases added; additional citation and quotation marks omitted)); *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("[a] defense which points out a *defect* in the plaintiff's *prima facie case* is *not an affirmative defense*" (emphases added)); *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D.Ill. 2011) (an affirmative defense "is one that *admits* the allegations in the complaint, but *avoids*

3

*liability*, in whole or in part, by *new* allegations of excuse, justification[,] or *other **negating** matters*" (emphases added)).

In *Elliot v. Mission Trust Servs., LLC*, 104 F. Supp. 3d 931 (N.D. Ill. 2015), the court addressed the negative defense of failure to state a claim, but explained the nature of negative defenses *generally*:

> Technically, failure to state a claim is *not a[n] [affirmative] defense*, although often erroneously pleaded as such as a matter of course. Such a "defense" *attacks a plaintiff's prima facie claim*, and is thus a "*negative* defense," rather than an *affirmative* defense, which must plead "*matter that is **not** within the claimant's **prima facie case***." 2A Moore's Federal Practice ¶ 8.27[1] (2d Ed.1992). *See also Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir. 1990) (*affirmative defenses do not controvert proof of the claim* to which they are addressed).

*Id.* at 936, n.3 (emphases added). *See also CIT Bank, N.A. v. Metcalfe*, No. 15-cv-1829, 2017 WL 3841843, *4, n.3 (E.D.N.Y. Aug. 17, 2017) ("[t]he . . . affirmative defense [of] failure to state a claim is not an affirmative defense at all."); *Meggitt (San Juan Capistrano), Inc. v. Nie*, No. 13-cv-0239, 2014 WL 12589109, *2 (C.D. Calif. Jan. 28, 2014) ("[the] affirmative defense . . . that '[the] [p]laintiff has failed to state claims upon which relief may be granted[]' . . . is the basis for a *Rule 12(b)(6) motion*, *not* an *affirmative defense*" (emphases added)).

**(ii)  Burden of Proof on Affirmative Defenses**

As noted in *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59 (2d Cir. 2012), "the burden of proving an affirmative defense is on its *proponent*," *id.* at 72 (emphasis added); *see also Scenic Holding, LLC v. New Bd. of Trs. of the Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 670 (8th Cir. 2007) ("[t]he burden of proving a defense of an affirmative nature is upon the *defendant*" (emphasis added)); *Gibson Brands Inc. v. Viacom Int'l Inc.*, No. 12-cv-10870, 2016 WL 8931305, *3 (S.D. Calif. Sept. 29, 2016) ("an affirmative defense, by its *nature*, is one where the *defendant* carries the *burden of proof*," citing *Kanne v. Connecticut General Life*

4

*Ins. Co.*, 867 F.2d 489, 492, n.4 (9th Cir. 1988) (emphases added), whereas, "'[a] defense which demonstrates that [the] ***plaintiff** has not met **its** burden of proof* is not an affirmative defense,'" quoting *Zivkovic*, *supra*, 302 F.3d at 1088 (emphases added)); *Sauceda v. Univ. of Texas at Brownsville*, 958 F. Supp. 2d 761, 773 (S.D. Tex. 2013) ("[b]y its *very nature*, an affirmative defense generally 'places the burden of proof *on the party pleading it*,'" quoting *Frame v. City of Arlington*, 657 F.3d 215, 239 (5th Cir. 2011) (*en banc*) (emphases added)); *Greenwich Fin. Servs. Distressed Mortg. v. Countrywide Fin. Corp.*, 654 F. Supp. 2d 192, 203 (S.D.N.Y. 2009) ("[a]n argument constitutes an *affirmative defense* if it is the *defendant's burden* to prove the facts essential to the argument.") (emphases added)).

    **(iii)    The Striking of "Defenses" that are not Defenses of Any Type**

Where a purported defense "is *not* a defense, . . . [it] is both insufficient and immaterial," *Gray v. Ivey*, No. 17-cv-118, 2017 WL 9398650, *2 (M.D. Fla. Apr. 3, 2017) (emphasis added), and should therefore be stricken (which it was in *Gray*, which also found that the defense "has no possible relationship to the controversy," *id.*); *see also World Kitchen, LLC v. American Ceramic Society*, No. 12-cv-8626, 2015 WL 3429380, *3 (N.D. Ill. May 27, 2015) (striking, as "legally insufficient," a defense of "good faith" where "[the] [d]efendants do not dispute that good faith is not a defense to the [claim] and instead, argue simply that it 'properly raises questions beyond denying the allegations.'").

**B.    Defendants' Answer Does not Comply with
       Rule 8(b)(5) of the Federal Rules of Civil Procedure**

Whereas Rule 8(b)(1)(B) of the Federal Rules of Civil Procedure requires a part to "admit or *deny* the allegations asserted against it" (emphasis added), Rule 8(b)(5) states: "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the *effect* of a denial" (emphasis added). Thus, Defendants cannot avail

5

themselves of each of these alternative rules, which Defendants have done by stating, in response to various allegations: "Defendants lack sufficient information to either admit or deny the allegations of paragraph [] of the Amended Complaint and on that basis, deny the same." Answer, ¶¶ 5, 13, 14, 15, 16, 19, 29, 21, 22, 23, 24, 25, 28, 29, 30, 31, 32, 33, 34, 37, 38, 39, 40, 41, and 42 (emphasis added).

Conclusion: Defendants' availing themselves, with respect to a given allegation, of Rules 8(b)(1)(B) and 8(b)(5) is of improper.

**C.  Defendants' "Second Affirmative Defense" is not an Affirmative Defense**

Defendants' "Second Affirmative Defense" is:

> The Complaint fails to state a claim upon which relief may be granted.

That is not an affirmative defense. *See* Point I(A)(i)(b), *supra*.

**D.  Defendants' "Fourth Defense" is not a Defense**

Defendants' Fourth Defense is:

> Plaintiff, *pro se*, cannot simultaneously serve as class representation [sic] and class counsel.

Because the Amended Complaint does not indicate that Bank intends to seek to serve as class counsel, the "Fourth Defense" is improper.

**E.  Defendants' Prayer for Attorneys' Fees has no Basis**

Defendants' Prayer for Relief states:

**PRAYER FOR RELIEF**

> **WHEREFORE,** Defendants seek judgment against Plaintiff:
> . . . (b) Awarding Defendants their attorneys' fees and costs incurred herein to the maximum extent allowed by law[.]

Because there is no basis for Defendants' claiming of a right to attorneys' fees, the prayer for attorneys' fees is improper.

6

## **CONCLUSION**

Plaintiff respectfully requests that this Court grant, to Plaintiff, the relief expressly sought herein and any other lawful and proper relief.

Dated: January 13, 2020

          Respectfully submitted,

          *s/ Todd C. Bank*
          TODD C. BANK
           ATTORNEY AT LAW, P.C.
          119-40 Union Turnpike
          Fourth Floor
          Kew Gardens, New York 11415
          (718) 520-7125
          By Todd C. Bank

          *Counsel to Plaintiff*