

**KLEIN MOYNIHAN TURCO** LLP

ATTORNEYS AT LAW

450 7th Avenue, 40th Floor, New York, NY 10123
kleinmoynihan.com · 212.246.0900

January 15, 2020

**Filed via Court's ECF Systems**
The Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A
Brooklyn, NY 11201

      Re:    *Todd C. Bank v. Fluent, Inc. and Reward Zone USA, LLC*
              Civil Case No.: 1:19-cv-6543-RRM-RLM
              <u>Objection to Plaintiff's Motion to Strike</u>

Dear Judge Mauskopf:

      As counsel for Defendants in the referenced matter, I respectfully submit this letter in response to Plaintiff's Motion to Strike (the "Motion") (Docket No. 12), which Defendants object to as having been filed prematurely and in derogation of Your Honor's Individual Motion Practices and Rules.

      Motions of the type filed by Plaintiff are subject to the requirements set forth in Rule III(A)(2), which states:

> "For any *dispositive motion*, motion for a change of venue or motion to amend a pleading pursuant to Federal Rules of Civil Procedure 15 (where leave of Court is required), a pre-motion conference is required. The movant shall send a <u>letter</u> to the Court, not to exceed three (3) pages, requesting such conference, with a brief description of the grounds for such motion. Such letter shall be served on all parties. Parties may be served and file a letter response, not to exceed three (3) pages, within five (5) days of service of the letter requesting a pre-motion conference." (Emphasis added.)

      Motions to Strike affirmative defenses are "clearly dispositive of a defense of a party." *See Royal Park Investments SA/NV v. U.S. Bank National Association*, 285 F.Supp.3d 648, n.2 (S.D.N.Y. 2018). Thus, Rule III(A)(2) mandates that Plaintiff was required to not only submit to a pre-motion conference prior to filing his Motion, but also to send a letter to the Court requesting the conference and providing a description of the grounds for the Motion in order to allow Defendants the opportunity to respond. Plaintiff did not abide by these requirements. The pre-motion conference, however, is not merely a throwaway procedure that should be so lightly

{00134232;1}

**KLEIN MOYNIHAN TURCO** LLP

*Hon. Roslynn R. Mauskopf*
*January 15, 2020*
*Page 2*

disregarded. The Second Circuit has noted that a timely held pre-motion conference "may serve the useful purpose of narrowing and resolving conflicts between the parties and preventing the filing of unnecessary papers. Litigants and the courts profit when this occurs." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647. 652 (2d Cir. 1987).

A cursory review of the Motion demonstrates the extent to which the Court would benefit from the pre-motion conference's filtering function in order to advance Fed. R. Civ. P. 16(a)(3)'s stated goal of discouraging wasteful pretrial activities. In addition to the dispositive aspects of the Motion seeking to strike affirmative defenses, the Motion also seeks to have stricken myriad allegation-specific responses in the Answer because they are denials based upon Defendants' lack of sufficient information to either admit or deny the subject allegation. These responses, however, were not asserted in bad faith, which might otherwise give cause to see them stricken. This itself is outcome determinative because "a denial based on lack of knowledge or information sufficient to form a belief is proper when the pleader lacks sufficient data to justify [] interposing either an honest admission or a denial of an opponent's averments." *Great West Life Assur. Co. v. Levithan*, 834 F.Supp.858, 864 (E.D.Pa. 1993). By way of example, this was the case with respect to responses required of Defendants to allegations concerning the contents of what allegedly appeared on Plaintiff's cellphone screen after he clicked portions of a text message that Defendants did not send to him.

The Motion likewise seeks to have stricken a portion of the Answer that is neither a defense, nor a response to an allegation, but rather part of the Answer's "Wherefore clause" requesting an award of attorneys' fees in Defendants' favor upon a dismissal of Plaintiff's pleading. Nevertheless, this too is properly included in the Answer as a means of placing Plaintiff and the Court on notice that Defendants request that the Court reserve jurisdiction to draw upon its inherent power to assess attorney's fees if dismissal results in conjunction with a determination that Plaintiff has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *See e.g., Zeron v. C&C Drywall Corp., Inc.*, 2009 WL 1461771 (S.D.Fla. Aug. 10, 2009) (denying motion to strike a Wherefore Clause requesting attorney's fees).

Plaintiff's premature filing here might otherwise be dismissed as an oversight were it not for Plaintiff's previous attempts to circumvent rules requiring a motion to strike-related pre-motion conference. His efforts to file nearly identical motions (in both sum and substance) in *Bank v. Cogint, Inc. et al.* 1:18-cv-3307 (E.D.N.Y.) ("Bank 1") before Judge Kuntz demonstrate a clear pattern of disregard for the pre-motion conference requirement. In Bank 1, Judge Kuntz denied nearly identical motions to strike seven (7) times because they were repeatedly filed in violation of the pre-motion conference requirement. When the procedural requirements for the filing of the motion were finally satisfied, the motion to strike (in which Plaintiff made the identical argument that the failure-to-state-a-claim defense is a negative rather than affirmative defense and should be stricken) was ultimately denied via slip entry on December 31, 2018 because it "is well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer." *S.E.C. v. Toomey*, 866 F.Supp. 719, 723 (S.D.N.Y. 1992). That experience should inform the Court here of the need to winnow out this prospective filing in order to conserve judiciary and party resources.

{00134232;1}

**KLEIN MOYNIHAN TURCO** LLP

Hon. Roslynn R. Mauskopf
January 15, 2020
Page 3

      Moreover, Rule III(A)(2) was not the only one of the Court's rules implicated by the Motion's premature filing, as it was also filed in violation of Rule III(B)(5) which generally prohibits the filing of any paper with the Court until the motion has been *fully* briefed. It is self-evident that the Motion has not been fully briefed and, as such, should not have been filed in the first place. Finally, while Plaintiff sought to invoke Local Rule 6.1(b)'s briefing schedule, Rule 6.1(b) is subject to the general qualifying language of Local Rule 6.1 which states that motions are to be served in accordance in Rule 6.1 "unless otherwise provided by the Court in a Judge's Individual Practice." Rule III(B)(7) is such a rule. It explicitly prohibits any party from serving any motion paper prior to obtaining Court approval of a briefing schedule. No such briefing schedule has been approved here. The representation in the Motion's introduction that I refused to agree to a briefing schedule based on the position that the Motion is dispositive and requires a pre-motion conference is a half-truth, at best. This letter makes plain Defendants' position that the Motion does require a pre-motion conference, which I conveyed to Plaintiff via email on Monday January 13, 2020. That same email, however, also indicated to Plaintiff that Defendants would request 3-weeks to file any opposition at such time as the Court deems it necessary to agree upon a briefing schedule after it had been given the opportunity to opine upon the propriety of such a motion following a proper pre-motion conference.

      Defendants do not agree with the notion that the Court rules of practice are permissive guidelines rather than mandatory protocols. As such, Defendants object to Plaintiff's filing of January 13, 2020 and respectfully request that the Court set aside the Motion until such time as pre-motion conference letters have been exchanged pursuant to Rule III(A)(2) and until such time as a briefing schedule has been appropriately approved by the Court as required by Rule III(B)(7).

      Thank you for the Court's attention to this matter.

Respectfully submitted,

Neil E. Asnen

All counsel of record via ECF

{00134232;1}