TODD C. BANK, ATTORNEY AT LAW, P.C.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York  11415
Telephone: (718) 520-7125
Facsimile: (856) 997-9193

www.toddbanklaw.com                                                                              tbank@toddbanklaw.com

January 15, 2020

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201
Attn.: Judge Roslynn R. Mauskopf

    Re: Todd C. Bank v. Fluent, Inc., *et al*
      Case 1:19-cv-06543-RRM-RLM

Dear Judge Mauskopf:

  I, the plaintiff in the above-referenced matter, hereby respond to the letter (Dkt. No. 14) that Neil E. Asnen has submitted on behalf of Defendants.

  In *Royal Park Investments SA/NV v. U.S. Bank N.A.*, 285 F. Supp. 3d 648 (S.D.N.Y. 2018), the court stated as follows in the portion that Mr. Asnen cites (*see* Asnen Ltr. at 1): "[a]lthough there is some disagreement among courts regarding whether a motion to strike an affirmative defense is a dispositive matter . . ., here, the Court's decision regarding the standard of review is not outcome-determinative since the Court reviews the [magistrate's] order de novo and affirms." *Id.* at 653, n.2 (citation omitted). Thus, *Royal Park* does not stand for the proposition that a motion to strike an affirmative defense is necessarily a dispositive motion. To be sure, it *does* seem that the motion at issue there *would have been* dispositive if it had been granted, because it concerned the issue of "when [the defendant] must *assert or waive* its affirmative advice[-]of[-]counsel defense." *Id.* at 650 (emphasis added). By contrast, as I explained in the Introduction to my memorandum of law (Dkt. No. 13): "unlike in the case of a dispositive motion, the instant motion [(the 'Motion')], if granted, would not preclude Defendants from exercising any rights; thus, the [M]otion is non-dispositive." *Id.* at 1. First, the only "affirmative defense" that the Motion concerns is Defendants' "Second Affirmative Defense," which is that, "[t]he Complaint fails to state a claim upon which relief may be granted." *See* Pl. Mem. at 6. However, the Motion does not seek to strike that affirmative defense on account of its being defective in some way, but, instead, because it is simply not an affirmative defense in the first place. In any event, insofar as Defendants may move for dismissal upon that ground, their right to do so would not be based upon whether they asserted, in their Answer, that the Amended Complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). *See Walia v. Napolitano*, No. 11-cv-2512, 2017 WL 10378189, *8 (E.D.N.Y. Dec. 4, 2017).

  Second, the Motion concerns "Defendants' Fourth Defense," which is that, "Plaintiff, *pro se*,

cannot simultaneously serve as class representation [sic] and class counsel." *See* Pl. Mem. at 6. Assuming, *arguendo* that my request to strike this "defense" were granted, Defendants would retain the right to oppose class certification, and/or my appointment as class counsel, should I move for class certification and seek such appointment.

Third, if my request to strike Defendants' prayer for attorney's fees were granted, Defendants would retain the right to seek such fees if warranted. Mr. Asnen explains that Defendants' request was "properly included in the Answer as a means of placing Plaintiff and the Court on notice that Defendants request that the Court reserve jurisdiction to draw upon its *inherent power* to assess attorney's fees if dismissal results in conjunction with a determination that Plaintiff has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Asnen Ltr. at 2 (emphasis added). However, this type of notice is not within the scope of a proper answer, as it is neither a "defense[] to [a] claim asserted against [Defendants]," Fed. R. Civ. P. 8(b)(1)(A), nor an "admi[ssion] or den[ial [of] [any] allegations asserted against [Defendants] by an opposing party." Fed. R. Civ. P. 8(b)(1)(B) (in addition, the statute under which the claims in this case have been asserted, *i.e.*, the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), is not a fee-shifting statute). Defendants cite *Zeron v. C & C Drywall Corp., Inc.*, No. 09-cv-60861, 2009 WL 2461771 (S.D. Fla. Aug. 10, 2009) (*see* Asnen Ltr. at 2), in which the court explained: "[the] [d]efendants are only requesting that the Court reserve jurisdiction to consider a timely filed motion for attorney's fees should . . . improper purposes [by the plaintiff] arise during the litigation . . . . [I]t would not be prejudicial to any party for the Court to reserve jurisdiction to hear such a motion should the circumstances require." *Id.* at *4. However, this Court would have such jurisdiction whether or not Defendants prayed for attorneys' fees in their Answer.

With respect to that part of the Motion that concerns Rule 8(b)(5), *see* Pl. Mem. at 5-6, Mr. Asnen appears to argue, with respect to the merits of my argument, that, "the Motion also seeks to have stricken myriad allegation-specific responses in the Answer because they are denials based upon Defendants' lack of sufficient information to either admit or deny the subject allegation," Asnen Ltr. at 2, but that, "a denial based on lack of knowledge or information sufficient to form a belief is proper when the pleader lacks sufficient data to justify [] interposing either an honest admission or a denial of an opponent's averments." *Id.* (citation and quotation marks omitted). However, the Motion does not take issue with that assertion, but, instead, explains that, "Defendants' availing themselves, with respect to a given allegation, of Rules 8(b)(1)(B) *and* 8(b)(5) is of [sic] improper." Pl. Mem. at 6 (emphasis added). Thus, if this part of the Motion were granted, only one of the two types of denials would be stricken, leaving, in place, the other type, such that it would remain that Defendants will have denied the allegations at issue.

Mr. Asnen quotes from this Court's Individual Rules, *see* Asnen Ltr. at 1, but neglects to acknowledge that the same Rules also state that, "[i]f any party concludes in good faith that delaying the filing of a motion, in order to comply with *any* aspect of these individual practices, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion." Indiv. R. III(C) (emphasis added). Accordingly, I explained why I needed to file the

Case 1:19-cv-06543-RRM-RLM   Document 15   Filed 01/15/20   Page 3 of 3 PageID #: 64

Judge Roslynn R. Mauskopf            *Todd C. Bank v. Fluent, Inc., et al*
January 15, 2020                   Case 1:19-cv-06543-RRM-RLM
-page 3-

Motion. *See* Pl. Mem. at 1 (Introduction) (and, of course, that explanation applies to the holding of a pre-motion conference, *see Ario v. U.S. Mgmt., Inc.*, No. 05-cv-3486, 2007 WL 3047094, *1 (E.D.N.Y. Oct. 17, 2007) ("[a] letter request for a pre-motion conference does not constitute a motion") as well as the obtaining of a briefing schedule).

   Mr. Asnen's contention that, "[t]he representation in the Motion's introduction that [Mr. Asnen] refused to agree to a briefing schedule based on the position that the Motion is dispositive and requires a pre-motion conference is a half-truth, at best," Asnen Ltr. at 3, is itself false, as the email by Mr. Asnen to which he refers stated, in full: "[b]ecause motions to strike such as the one you're threatening are dispositive motions that require pre-motion conferences pursuant to Judge Mauskopf's Individual Rules, we will object to any filing that attempts to circumvent such a requirement. At such time as the Judge deems it necessary to agree upon a briefing schedule, we will ask for 3 weeks' time to oppose your prospective application." Merely stating how much time Defendants would want to oppose the Motion in the event that "the Judge deems it necessary to agree upon a briefing schedule" while also stating that Defendants "will object to any filing that attempts to circumvent [the pre-motion-conference] requirement" was, of course, a refusal to agree to a briefing schedule.

   Finally, Mr. Asnen briefly discusses *Bank v. Cogint, Inc., et al.*, Case 1:18-cv-03307-WFK-PK (E.D.N.Y.), *see* Asnen Ltr. at 2, but the resolution of the parties' instant dispute should be resolved on its own merits, not on a case in which, as that case's docket shows, the judge declined to explain his rejection of Bank's position, and in which the judge did not have an individual rule corresponding to this Court's Indiv. R. III(C). In addition, Mr. Asnen states, in regard to that case: "[w]hen the procedural requirements for the filing of the motion were finally satisfied, the motion to strike (in which Plaintiff made the identical argument that the failure-to-state-a-claim defense is a negative rather than affirmative defense and should be stricken) was ultimately denied via slip entry on December 31, 2018 *because* it is well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer." Asnen Ltr. at 3 (emphasis added; citation and quotation marks omitted). However, contrary to Mr. Asnen's representation, the "slip entry," *i.e.*, a text order, did not provide an explanation but, instead, stated in full: "ORDER denying [51] Motion to Strike." Mr. Asnen ought not falsely accuse me of telling "a half-truth, at best," Asnen Ltr at 3, and add insult to injury by making an obviously false representation to this Court.

Sincerely,

 s/ ***Todd C. Bank***

Todd C. Bank

TCB/bd