UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TODD C. BANK,

                                Plaintiff,                        **MEMORANDUM AND ORDER**

             -against-                                                  19-CV-6543 (RRM)

FLUENT, INC., et al.,
                                **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      At the initial conference held before the undersigned magistrate judge on January 27, 2020, this Court raised the issue of future settlement efforts, as it routinely does at such conferences; because *pro se* plaintiff Todd Bank ("plaintiff"), an attorney and serial litigant, objected to having the Court preside at a settlement conference, the case was referred for court-annexed mediation.  See Minute Entry (Jan. 27, 2020), Electronic Case Filing Docket Entry ("DE") #17.  One month later, on February 27, 2020, plaintiff filed a letter objecting to "[f]orcing parties to engage in settlement discussions, whether or not such discussions are shared with the Court[.]"  Letter by Todd C. Bank (Feb. 27, 2020) ("Pl. Letter"), DE #21.  Construing plaintiff's letter as a request that the Court vacate its order of referral of the case to court-annexed mediation, the Court hereby denies plaintiff's application.[1]

---

[1] In violation of this Court's Individual Rules, plaintiff failed to docket his request as an ECF motion event.

## DISCUSSION

As a preliminary matter, plaintiff's challenge to the referral order is effectively a motion for reconsideration of the Court's ruling at the January 27th initial conference; as such, it should have been filed within 14 days of the challenged order, or by February 10, 2020.  See E.D.N.Y. Local Civ. R. 6.3.  Plaintiff's objection, which he filed 31 days after the Court's ruling, is thus untimely and, on that basis alone, the Court would be amply justified in rejecting it.

In any event, plaintiff's contention that Rule 16 of the Federal Rules of Civil Procedure "does not authorize the Court to force parties to engage in settlement discussions," Pl. Letter at 1, is patently meritless.  In advancing his argument, plaintiff relies on two federal Court of Appeals decisions from the 1980s: Kothe v. Smith, 771 F.2d 667 (2d Cir. 1985), and Strandell v. Jackson County, 838 F.2d 884 (7th Cir. 1988).  What plaintiff fails to acknowledge – due to either ignorance or guile – is that Rule 16 was amended in 1993 in order "to eliminate questions that have occasionally been raised regarding the authority of the court to make appropriate orders designed . . . to facilitate settlement . . . ." Fed. R. Civ. P. 16(c) advisory committee's note (1993).

Relying on that amendment, and on a statutory provision enacted in 1990, see 28 U.S.C. § 473(b)(5), Judge Gary Brown sanctioned a party for failing to participate in good faith in a court-ordered settlement conference.  See Grenion v. Farmers Ins. Exchange, No. CV 12-3219(JS)(GRB), 2014 WL 1284635 (E.D.N.Y. Mar. 14, 2014).  As Judge Brown cogently stated:

> [Rule] 16 authorizes a federal court to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as . . . expediting disposition of the action [or] facilitating settlement." Rule 16(a)(1), (a)(5). Mandatory attendance at such conferences is not, however, limited to attorneys and *pro se* litigants, as the Rule further provides that, where appropriate, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." Rule 16(c)(1); *see also* 28 U.S.C. § 473(b)(5) (discussing mandatory appearance of representative with binding authority at settlement conferences) . . . .
>
> Rule 16 provides enforcement mechanisms to help ensure compliance with these procedures.  For example, the court is empowered to issue "any just orders," including the full range of remedies specified under Rule 37(b)(2)(A)(ii)-(vii), "if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference [or] is substantially unprepared to participate – or does not participate in good faith – in the conference[.]" Rule 16(f)(1); *see also, e.g., Uretsky v. Acme Am. Repairs*, 2011 WL 1131326, at *1 (E.D.N.Y. Mar.28, 2011) (awarding sanctions where "[o]ne of [defendant's principals] failed to appear, undermining the purpose of the conference and the orderly progress of the case").

2014 WL 1284635, at *3-4; accord Oakwood Apartments, LLC v. KPC Props., LLC, No. 1:13CV208, 2014 WL 2696577, at *2-4 (M.D.N.C. June 13, 2014) (citing Fed. R. Civ. P. 16(c)(1) and 28 U.S.C. § 473(b)(5), the court directs counsel of record and representatives of each party to appear in person at court-ordered settlement conference).  Indeed, following Judge Brown's lead in Grenion, other courts in this Circuit have sanctioned counsel and parties for failing to obey judicial directives regarding their participation in or conduct at settlement conferences.  See, e.g., Hamilton Int'l Ltd. v. Vortic LLC, 17-CV-5575 (AJN) (OTW), 2018 WL 5292128 (S.D.N.Y. Oct. 25, 2018); Chen v. Marvel Food Servs., LLC, CV 15-6206 (JMA) (AYS), 2016 WL 6872626 (E.D.N.Y. Nov. 21, 2016).

For the foregoing reasons, plaintiff's challenge to the Court's order referring the case to court-annexed mediation – as expressly authorized by Local Civil Rule 83.8(b)(1) and (c) – is both untimely and patently frivolous, and is therefore rejected. Plaintiff is directed, on pain of sanctions, to promptly (1) cooperate with defense counsel and the ADR Clerk in selecting a mediator; (2) cooperate with defense counsel and the selected mediator in scheduling a mediation session or sessions; and (3) participate in good faith in the mediation process.[2]

**SO ORDERED.**

**Dated:    Brooklyn, New York**
           **March 6, 2020**

/s/    *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] As plaintiff well knows, "the mediation process is confidential[.]" Local Civ. R. 83.6(b)(5)(C); see id. R. 83.6(d). Therefore, contrary to plaintiff's unfounded assertion, there is no "risk that a judge's views of the party's settlement position . . . will affect the judge's duty to remain impartial . . . ." Pl. Letter at 3.